UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 16-25220-CIV-GRAHAM/MCALILEY

RHINA D. ARANA, and other
similarly-situated individuals,

    Plaintiff,

vs.

INDIAN CREEK COUNTRY CLUB, INC.,
and RAUL PEREZ, individually,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants Indian Creek Country Club, Inc. and Raul Perez's Motion for Sanctions [D.E. 27].

**THE COURT** has reviewed the record and is otherwise fully advised in the premises. As set forth herein, the Defendants' Motion for Sanctions is granted to the extent that the case is dismissed.

### I. BACKGROUND

On December 16, 2016, the Plaintiff filed a Complaint [D.E. 1] seeking overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201-219. See [D.E. 1 at 2]. On January 10, 2017, the Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint. See [D.E. 8]. The

1

Court then referred this matter to the United States Magistrate Judge for a Settlement Conference on February 7, 2017. See [D.E. 17 at 1].

On February 17, 2017, Magistrate Judge McAliley entered an Order Setting Settlement Conference, which required that the parties attend a Settlement Conference on March 31, 2017. See [D.E. 22 at 1]. The Order further required the parties to exchange copies of documents in support of their claim or defense five days prior to the Settlement Conference. Id. It also advised that a party's failure to attend this conference may result in Magistrate Judge McAliley's "*sua sponte* recommendation that sanctions be entered against the offending party." [D.E. 22 at 2].

Prior to the Settlement Conference, on March 24, 2017, the Plaintiff's counsel moved to withdraw from the case because he was unable to communicate with his client after numerous unsuccessful attempts. See [D.E. 23 at 1]. The Plaintiff failed to provide the Defendants with any documents in support of her claim. The Settlement Conference could not go forward because of Plaintiff's failure to appear. See [D.E. 26]. Plaintiff's counsel advised the Court that he was unable to communicate with his client, who moved to Nicaragua. Id.

On April 3, 2017, the Defendants filed a Motion for Sanctions [D.E. 27] seeking penalties to be imposed on the

Plaintiff due to her non-appearance, including dismissal of this matter and attorney's fees. See [D.E. 27 at 2]. On April 12, 2017, the Court referred the Unopposed Motion to Withdraw from Plaintiff's counsel to Magistrate Judge McAliley. See [D.E. 28 at 1]. This Order also requested the Plaintiff to file a response by April 17, 2017, stating "whether she wishes to proceed with this action *pro se* or even prosecute this action at all." [D.E. 28 at 2].

The Plaintiff failed to comply with the Court's instructions. Afterwards, Magistrate Judge McAliley issued an Order on April 21, 2017, which granted the Plaintiff's counsel's Unopposed Motion to Withdraw and required Plaintiff to advise the Court, no later than May 8, 2017, that she either "retained new counsel or intends to represent herself in this lawsuit." See [D.E. 29 at 1-2]. To date, the Plaintiff has failed to respond.

## II. LEGAL STANDARD

Causing "unnecessary delay" in litigation is a rule violation under Federal Rule of Civil Procedure 11(b)(1). Fed. R. Civ. P. 11(b)(1). A motion for sanctions may be brought pursuant to Rule 11(c)(2) where a party, "after notice and a reasonable opportunity to respond," has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1); Fed. R. Civ. P. 11(c)(2).

## III. DISCUSSION

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, a district court has the authority to dismiss a case pursuant to Rule 41(b) as a sanction for failing to comply with the rules of the court. See Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). Such authority is limited to cases where "'(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Id. at 1338 (quoting World Thrust Films, 41 F.3d 1454 at 1456 (11th Cir. 1995)).

This matter has been at a stand-still since the Plaintiff's non-appearance at the scheduled Settlement Conference on March 31, 2017. The Plaintiff, by failing to respond to multiple orders, has caused unnecessary delay in this action. The Court has instructed the Plaintiff on two occasions to respond to the Court regarding whether she will proceed with this action. See [D.E. 28 at 2; D.E. 29 at 2]. Moreover at this time, lesser sanctions would fail to remedy the Plaintiff's continued non-compliance. Therefore, the Court is dismissing, without prejudice, the Plaintiff's Complaint. See Powell v. Harris, 628

Fed. Appx. 679, 681 (11th Cir. 2015)(determining that the district court did not abuse its discretion by dismissing the plaintiff's complaint for failing to comply with the court's orders). The Plaintiff may refile this action within 120 days.

**IV. CONCLUSION**

In conclusion, this Court dismisses the Plaintiff's Complaint without prejudice. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Defendants' Motion for Sanctions [D.E. 27] is **GRANTED** to the extent that the case is **DISMISSED**. As to all other requested relief the motion is **DENIED**. Lastly, it is

**ORDERED AND ADJUDGED** that the Clerk of Court shall **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of June, 2017.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

Cc: All Counsel of Record

    Rhina D. Arana, *Pro Se*
    226 SW 15 Avenue
    Miami, Florida 33135